UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Renard Truman Polk,<br>Petitioner<br>v.<br>Kelli Gallimore,<br>Respondent | Case No. 2:26-cv-03295-CDS-EJY<br>**Order Denying IFP Application and Instructing Petitioner to Show Cause Why the Petition Should Not Be Dismissed as Unexhausted** |

Pro se petitioner Renard Truman Polk commenced this habeas action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction. ECF No. 1-1. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Polk's application to proceed *in forma pauperis*. ECF No. 1. For the reasons discussed below, I deny Polk's IFP application, instruct Polk to pay the filing fee, and order him to show cause why this petition should not be dismissed for failure to exhaust his claims in state court.

**Background**

Polk challenges a conviction and sentence imposed by the Eleventh Judicial District Court for Pershing County. Polk alleges that the state district court entered a judgment of conviction for battery by a prisoner in November of 2025. He did not file a direct appeal and did not file a state habeas petition. Polk initiated this federal habeas case in October 2026. ECF No. 1-1.

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees. The court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates indigency. 28 U.S.C. § 1915; LSR 1-1, 1-2. The IFP application must be submitted on the form provided by the court and include specific financial information and a declaration confirming under the penalty of perjury that the financial information is true. *Id.*

The financial certificate shows Polk is able to pay the $5 filing fee. ECF No. 4 at 9. Thus, he does not qualify for a fee waiver. I therefore deny the IFP application and instruct Polk to pay the $5 filing fee by December 4, 2026.

**Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, *id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears that Polk's federal habeas claims are wholly unexhausted in state court and are subject to dismissal without prejudice. His claims have not been appealed to the state appellate court and thus have not been raised through one complete round to the highest state court level of review available. Accordingly, Polk must show cause, in writing, why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts by December 4, 2026.

## Conclusion

I THEREFORE ORDER that by December 4, 2026, Polk must file a "Response to Order to Show Cause," showing cause in writing why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Polk's showing must be factually detailed, and must, where possible, be supported by exhibits.

I further order that Polk's IFP application **[ECF No. 1] is denied**.

I further order that by December 4, 2026, Polk must pay the $5 filing fee.

I further order that the Clerk of the Court is instructed to send Polk two copies of this order. If he decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

I further order that Polk's failure to comply with this order by December 4, 2026, will result in the dismissal of this action without prejudice and without further advance notice.

Dated: November 4, 2026



Cristina D. Silva
United States District Judge